# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 71

Shanon Gjovig; Tierany Johnson,　　　　　　Plaintiffs and Appellants

　　　v.

New Century Ag,　　　　　　　　　　　　Defendant and Appellee

## No. 20250393

Appeal from the District Court of Divide County, Northwest Judicial District, the Honorable Benjamen J. Johnson, Judge.

AFFIRMED.

Per Curiam.

Shawn A. Grinolds (argued) and Randall J. Bakke (on brief), Bismarck, ND, for plaintiffs and appellants.

Matthew P. Lawlyes, Minneapolis, MN, for defendant and appellee.

**Per Curiam.**

[¶1]  Appellants Shanon Gjovig and Tierany Johnson appeal from a district court order granting summary judgment in favor of New Century Ag. Appellants claim the court erred in granting summary judgment because the court misapplied N.D.C.C. § 4.1-33-18(1)(a) which provides the notice requirements before suing an applicator for property damage from pesticide application. We summarily affirm under N.D.R.App.P. 35.1(a)(4), (6), and (7).

[¶2]  The notice statute for alleged property damage stemming from the application of pesticide, N.D.C.C. § 4.1-33-18(1)(a), provides:

> Before a person may file a civil action seeking reimbursement for property damage allegedly stemming from the application of a pesticide, the person *shall notify by certified mail* the pesticide applicator of the alleged damage within the earlier of: (1) Twenty-eight days from the date the person first knew or should have known of the alleged damage; or (2) Before twenty percent of the crop or field allegedly damaged is harvested or destroyed.

(Emphasis added.) Appellants argue because New Century Ag had actual notice of the alleged crop damage and did inspect and collect evidence from the fields, requiring written notice by certified mail is not logically necessary to ensure notice. Appellants argue under the facts of this case requiring strict compliance with the statute's certified mail notice requirement would lead to an absurd or ludicrous result.

[¶3]  Section 4.1-33-18(1)(a), N.D.C.C., is unambiguous. *See Laufer v. Doe*, 2020 ND 159, ¶ 13, 946 N.W.2d 707. In *Laufer*, this Court determined the use of the word "shall" in N.D.C.C. § 4.1-33-18(1) creates a mandatory duty for notification by certified mail. *Id.* ¶¶ 15-20. We conclude summary judgment is supported by the record and *Laufer* is controlling. *See id.* ¶ 19 (discussing the strict-compliance requirement). The district court's grant of summary judgment is dispositive, resolving all material facts. Accordingly, the court did not abuse its discretion in denying the request for further discovery.

1

[¶4]   We summarily affirm under N.D.R.App.P. 35.1(a)(4), (6), and (7).

[¶5]   Lisa Fair McEvers, C.J.
       Jerod E. Tufte
       Jon J. Jensen
       Douglas A. Bahr
       Mark A. Friese